## Commonwealth v. McDonald

*John T. Salvucci, Assistant District Attorney,* for Commonwealth.
*Richard M. Meltzer,* for defendant.

HONEYMAN, *J.,* November 13, 1979—Subsequent to the filing of the opinion and order of this court dated January 12, 1979, following which an appeal was taken to the Superior Court. On October 31, 1979, the district attorney of Montgomery County filed a motion to correct or modify the record under Pa.R.A.P. 1926. At that juncture, the record of the proceeding had already been forwarded by the clerk of courts to the Superior Court. This court set a hearing thereon for November 9, 1979. Counsel for defendant sought a writ of prohibition from the Superior Court, which was denied. The hearing proceeded as scheduled.

The contention of the Commonwealth was that the court reporter had omitted transcribing a portion of the record which concerned the issue raised in defendant's post conviction hearing act petition concerning his jury trial waiver. The trial judge had conducted a colloquy with defendant concerning his proposed waiver of a jury trial. The trial transcript, in its present form states, inter alia, that

the court told defendant that his attorney and the assistant district attorney would select the jury. Defendant had contended that there was a fatal omission therein because he was not told that he could participate in the jury selection. In his motion, the district attorney alleged that both the court reporter's stenographic notes and a voice tape record of defendant's trial reflected that the court had told defendant "that you (defendant) and your attorney and Mr. McNulty, the Assistant District Attorney, would select the jury."

At the hearing, Bernard J. McNulty, Jr., Esq., the assistant district attorney who had tried the case, testified that he had not reviewed that portion of the transcript that referred to the jury trial waiver, at the time of briefing and arguing post trial motions, because no challenge to the waiver colloquy was raised at that time. Neither was it attempted to be raised on direct appeal. Mr. McNulty further testified that he had nothing further to do with the case because it was referred to the appeals division of the district attorney's office who handled both the direct appeal and the post conviction hearing act proceedings. The alleged omission in the transcript only came to Mr. McNulty's attention on October 19, 1979, when John T. Salvucci, Esq., the assistant district attorney presently handling the proceeding, discussed the case with him. Mr. McNulty urged Mr. Salvucci to communicate with the court reporter who reported the trial, because Mr. McNulty was certain that the colloquy had been full and complete. He stated that had the trial judge omitted instructing defendant that he could participate in the jury selection, that Mr. McNulty would have been certain to call it to the court's attention. As a witness this court finds Mr. McNulty fully credible.

The other witness called by the Commonwealth at the hearing on the omission was John DeVito, the court reporter who had reported the trial. Mr. De-Vito identified exhibit "C 1" as the voice tape of this trial and testified that it had been in his custody ever since. The tape was admitted in evidence and the critical portion thereof was played in the court-room and the undersigned judge clearly heard him-self say to defendant "you, your attorney, and Mr. McNulty would select the jury." Mr. DeVito further testified that he had not tampered with the tape nor relinquished it to any one else in the interim. Mr. DeVito also identified exhibit "C 2" as a portion of the stenographic notes of this trial which contained the critical passage. He further testified that these notes had been continually in his possession, and/or under his control, ever since the trial. The under-signed judge observed that Mr. DeVito had no other documents before him at the time he read a sub-stantial portion of his notes. When he arrived at the critical point, Mr. DeVito read "you and your attor-ney and Mr. McNulty would select" the jury. Mr. DeVito finally testified that he had located both the voice tape and the stenographic notes after Mr. Salvucci had requested that he do so. The court finds Mr. DeVito a thoroughly credible witness. He has been an official court reporter in this court for six years and has maintained an exemplary record for honesty, integrity and accuracy.

Nothing was offered by or on behalf of the de-fendant to controvert the testimony of the two Commonwealth witnesses.

This type of proceeding is governed by Pa.R.A.P. 1926, which states:

"Rule 1926. Correction or Modification of the Record. If any difference arises as to whether the

record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court *either before or after the record is transmitted to the appellate court,* or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court." (Emphasis supplied.)

This court has no hesitancy in finding that there was an erroneous or accidental omission from the transcript of the trial as forwarded to the Superior Court with respect to the jury trial waiver. By reason thereof, that portion of this court's opinion on the post conviction hearing act petition concerning the allegation by defendant that he was denied effective assistance of counsel in that this alleged omission from the colloquy was not raised on direct appeal is amended. The court had concluded that this omission was not fatal. However, on the previous state of the record that point was clearly arguable. Now, it would certainly appear to be moot. Therefore, it enters the following

## ORDER

And now, November 14, 1979, John J. DeVito, official court reporter, is directed to correct the omission from the trial transcript as heretofore filed

and that he, forthwith, file with the clerk of courts a corrected transcript of the portion of the jury trial waiver colloquy pertaining to the instructions by the trial judge that defendant could participate in the selection of the jury. As soon as such corrected transcript is filed, the clerk of courts is directed to transmit a supplemental record of the proceeding to the Superior Court, said supplement to include the Commonwealth's motion to correct or modify the record, the order entered thereon, the transcript of the Rule 1926 hearing, the corrected trial transcript, and this opinion and order.